UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANNIX PAINTING, LLC    )
    )
    Plaintiff,    )
    )
    v.    )    No. 4:12 CV 01640 CDP
    )
THE SHERWIN-WILLIAMS    )
COMPANY,    )
    )
    Defendant.    )
    )

## MEMORANDUM AND ORDER

Plaintiff Dannix Painting LLC brought this negligent misrepresentation suit against The Sherwin-Williams Company, which now moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Because Missouri's economic loss doctrine bars plaintiff's complaint, I will grant defendant's motion to dismiss.

## Background

Plaintiff is a painting contractor that was hired to paint newly constructed buildings at Eglin Air Force Base in Florida. At the start of the project, plaintiff used a product manufactured by defendant. Plaintiff claims the original product was defective, so it asked defendant for alternatives. Plaintiff tried another one of defendant's products, but when it put off noxious odors, plaintiff again sought defendant's advice for alternatives. Defendant recommended a third product, which

plaintiff used.  Plaintiff asserts this product delaminated some of the surfaces where it was applied, which resulted in a financial loss for plaintiff.

Plaintiff alleges defendant failed to exercise reasonable care in providing information about appropriate products for the required application.  Plaintiff relied on this information and claims it caused the pecuniary loss for which it seeks damages.  Defendant now moves to dismiss plaintiff's complaint on the ground that it is barred by the economic loss doctrine.

Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the complaint's legal sufficiency.  The court must assume all factual allegations of the complaint are true and must construe those allegations in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

At issue is whether Missouri's economic loss doctrine precludes plaintiff's negligent misrepresentation claim.[1]  Defendant contends that the doctrine prevents plaintiff from seeking recovery in tort for purely economic losses.  Plaintiff, relying on *B.L. Jet Sales, Inc. v. Alton Packaging Corp.,*724 S.W. 2d 669, 673 (Mo. App.

_____

[1]The parties agree that Missouri law applies to plaintiff's claim.

1987), argues that Missouri does not apply the economic loss doctrine to negligent

misrepresentation claims. The Missouri Supreme Court has yet to decide whether

the economic loss doctrine bars negligent misrepresentation claims related to

defective products. Therefore, I must "predict how [that court] would resolve the

issue if confronted with it." *Jackson v. Anchor Packaging Co.*, 994 F.2d 1295, 1301

(8th Cir. 1993).

Missouri's economic loss doctrine "prohibits a cause of action in tort where

the losses are purely economic." *Rockport Pharmacy, Inc. v. Digital Simplistics,*

*Inc.*, 53 F.3d 195, 198 (8th Cir. 1995). Missouri first adopted the doctrine in a case

where a home buyer attempted to sue the builder for breach of implied warranty and

negligence. *See Crowder v. Vandendeale*, 564 S.W. 2d 879, 884 (Mo. 1978). The

Court barred the negligence claim because "liability in tort is only appropriate in

cases in which recovery is sought for 'personal injury, including death or property

damage . . . .'" *Self v. Equilon Enterprises, LLC*, 2005 WL 3763533 at *8 (E.D. Mo.

Mar. 30, 2005) (quoting *Crowder*, 564 S.W. 2d at 884). The rationale is that the

doctrine prevents tort law from "altering the allocation of costs and risks negotiated

by parties." *Self*, 2005 WL 3763533 at *8 (quoting *Marvin Lumber and Cedar Co. v.*

*PPG Indus., Inc.*, 223 F.3d 873, 882 (8th Cir. 2000)).

Missouri courts have recognized rare exceptions to the economic loss doctrine.

Examples include cases involving a fiduciary relationship or negligence in providing professional services. *See Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc.*, 332 S.W. 3d 184, 193 (Mo. App. 2010) (breach of fiduciary duty based on broker-insured relationship); *Business Men's Assur. Co. of Am. v. Graham*, 891 S.W. 2d 438, 454 (Mo. App. 1994) (claim against architect for negligent design). Another recognized exception applies where the defendant breached a public duty. *See B.L. Jet Sales*, 724 S.W.2d at 672-73 (failure to observe federal regulations requiring disclosure). The case at bar does not fall within any of those recognized exceptions, and I will not expand Missouri law to create a new one.

The Honorable Stephen J. Limbaugh, Jr. of this Court recently decided that Missouri's economic loss doctrine would bar a claim for negligent misrepresentation. *Bruce Martin Const.*, *Inc. v. CTB, Inc.*, 2012 WL 718624 (E.D. Mo. Mar. 6, 2012). In Judge Limbaugh's case, a dealer and installer of grain bins sued the grain bin manufacturer because of allegedly defective products. *Id.* at *1. In a thorough opinion, Judge Limbaugh concluded that the Missouri Supreme Court would not make an exception for negligent misrepresentation and that the economic loss doctrine would preclude those claims when the damages are purely economic. *Id.* at *5. As a former member of the Missouri Supreme Court, Judge Limbaugh is uniquely positioned to know how that court would decide this question. Like *Bruce*

*Martin Construction*, this case involves a commercial party bringing a negligent misrepresentation claim against a manufacturer because of a defective product and alleging only economic loss. There is privity of contract between the parties and no public duty on the defendant's part. Because this case is analogous to *Bruce Martin Construction* and I agree with Judge Limbaugh's reasoning, I reach the same result here.

Plaintiff argues that Missouri courts created an exception for negligent misrepresentation in *B.L. Jet Sales*. In that case, the plaintiff bought a used airplane plagued by fuel tank corrosion. 724 S.W. 2d at 670. The plaintiff sued the seller and the company that serviced the plane for failing to log or disclose previous fuel tank repairs. *Id.* There was no privity of contract or direct dealings between the plaintiff and the service company. *Id.* The Missouri Court of Appeals held that plaintiff had stated a claim for negligent misrepresentation against the service company despite the fact that plaintiff alleged only economic loss. *Id.* at 672. In reaching its conclusion, the court noted that the service company had a public duty created by federal aviation regulations to disclose the repairs. *Id*. at 672-73. The court also relied on the Restatement (Second) of Torts § 552 and negligent representation cases "from Missouri and other jurisdictions," although it failed to mention or discuss those cases. *Id.* at 673.

The plaintiff relied on *B.L. Jet Sales* in Judge Limbaugh's *Bruce Martin Construction* case and made the same arguments in opposition to dismissal that plaintiff makes here. Judge Limbaugh rejected these arguments and refused to adopt the state court's reasoning because of the "state court's ambiguous legal analysis, [and] . . . the disparity of the factual issues presented." *Id.* at *4. Like Judge Limbaugh, I also decline to apply *B.L. Jet Sales* because the facts of this case differ substantially from those in *B.L. Jet Sales* and the state court failed to support its decision with any case law. *Id.*

Because plaintiff's claim for negligent misrepresentation is barred by Missouri's economic loss doctrine, I will grant defendant's motion and dismiss plaintiff's complaint. I will grant plaintiff's motion to file surreply, and I have considered that brief in reading this discussion, but it does not change the outcome.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#12] is granted, and plaintiff's complaint is dismissed.

**IT IS FURTHER ORDERED** that plaintiff's motion to file surreply [#21] is granted.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 3rd day of December, 2012.